## COURT OF APPEALS, MARCH TERM, 1849.

CHARLES G. LAKE, Respondent, agt. JAMES and ROBERT H. GIBSON, Appellants.

Under the code, an appeal does not lie to this court, upon any matters or errors appearing upon the *face of the record* merely, as was the former practice. There must now be an actual determination by the *general term,* of every case, to authorise an appeal to this court.

Where there was a verdict and judgment, without any exceptions or proceedings, intermediate the verdict, and filing the judgment record; and an appeal was brought upon the judgment—*held,* that, under the code, an appeal would not lie in such a case. The suit was commenced prior to the 1st July last, but the verdict and judgment were obtained after that time.

This was a motion by respondent to dismiss the appeal in this cause. It appeared that the appeal was brought upon a judgment of the Superior Court of the city of New York, (the record of which was filed and docketed on the 22d day of December last, for the amount of a verdict and costs recovered in a suit between the parties, wherein the said Lake was Plaintiff, and the said Gibsons were Defendants, in favor of the Plaintiff. It was a jury trial had on the day previous to the entry of judgment. The suit was commenced in February, 1848, before the code took effect.

' No case or bill of exceptions was ever made in the cause, nor was there ever any application at a general term of the Superior Court, for a new trial, or to vacate the verdict; nor any application to or actual determination by the general term in the cause after the verdict was rendered. It was strictly an appeal under the code from a judgment, after a verdict, without any exceptions, or other proceedings, intermediate the verdict and judgment record.

N. HILL, JR., *for the motion*, insisted, 1st, that section 11 of the code gave the Court of Appeals jurisdiction to review, upon appeal, every actual determination hereafter made, *at a general term*, by the Supreme Court, Superior Court, &c., *and no other;* consequently, this cause never having been actually determined by a *general term* of the Superior Court, no appeal would lie to this court.

2d. Section 282, "An appeal may be taken to the Court of Appeals in the cases mentioned in § 11." This verdict and judgment having been obtained since the code took effect, although the suit was commenced previous to that time, that the right to appeal, the time when, and the mode of procedure, all depended upon the code, and cited *Mayor of New York, &c.,* v. *Schermerhorn,* 3 Howard's Sp. Term Rep. 334, and subsequent cases, on pages 337, 338, 364 and 366.

GEO. F. COMSTOCK, *opposed,* insisted, 1st, that an appeal under the code was substituted for a writ of error, (§ 271,) consequently, so far an appeal lay, wherever a writ of error would, before the code, unless *expressly* prohibited by the *code.*

2d. That error always lay, for many matters appearing on the *face of the record.*

3d. That § 11 only confined the jurisdiction of this court to actual determinations in *certain cases,* and "no other," (cases,) not *no other judgments,* or determinations.

4th. That section 282 of the code authorised an appeal to be taken in cases mentioned in § 11, but did not *confine* appeals in old suits to those cases, and though it applied to old suits, it only applied so far as that section, (282,) and not section 11, was applicable. In other words, if a case arose in an old suit *under* § 11, it might be appealed to the Court of Appeals, but § 11 itself did not apply, except so far as applied by § 282.

THE COURT decided, that this was not an appealable case under the code. That by the provisions of the code (§ 11,) there must be an actual determination by the *general term,* of every case, to authorise an appeal to this court.

Although the suit was commenced prior to the 1st of July last, yet the verdict and judgment were obtained since that time, and in accordance with several decisions which we have heretofore made, the appeal must be governed by the code.   Motion granted.